County of York, Petitioner *v.* Commonwealth of Pennsylvania, Industrial Board of the Department of Labor and Industry, Respondent; Inmates of the York County Prison, by Inmate Representatives Henry Padgett et al., Intervenors.

Argued February 9, 1979, before Judges CRUM-LISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Lewis P. Sterling,* County Solicitor, for petitioner.

*David Haller,* Assistant Attorney General, for respondent.

*Alan Linder,* for intervenors.

OPINION BY JUDGE CRUMLISH, JR., May 30, 1979:

The County of York (County) appeals an order of the Industrial Board of the Department of Labor and Industry (Industrial Board) requiring it to vacate its prison for violation of the Fire and Panic Act[1] and related regulations and for failure to comply with related orders issued by the Industrial Board.

Did the Industrial Board abuse its discretion or err as a matter of law in so ordering? We hold that it did not, and affirm.

On November 6, 1974, the Department of Labor and Industry (Department) issued an order listing numerous safety related deficiencies. Next came an order to show cause why the prison should not be vacated. A hearing was held on October 21, 1975, and the Industrial Board issued findings of fact and conclusions of law denying any variance. On October 21, 1976, the Industrial Board, upon recommendation of the Department, granted a variance for temporary use of the structure subject to certain prison facility modifications.

The County then, in another variance request on August 16, 1977, sought permission to use fire watchers equipped with air bags and fire extinguishers, instead of a smoke detection and sprinkler system. On November 25, 1977, the Industrial Board denied the variance and ordered that the building be vacated in 30 days.

The County filed this petition for review, raising numerous issues which we will address seriatim.

First: The County argues that the orders of November 6, 1974 and January 28, 1976, have been super-

---

[1] Act of April 27, 1927, P.L. 465, *as amended,* 35 P.S. §1221 et seq.

seded by the variance of October 21, 1976. The shortcoming in this position is that the variance was conditioned upon enumerated safety specifications which the Industrial Board correctly determined were not corrected.

Second: It contends that the Industrial Board erred in denying a variance which would permit fire watchers as substitutes for smoke detection and sprinkler systems. Suffice it to say that our review of the record uncovered no capricious disregard of evidence which might require reversal to allow the variance. The record is devoid of evidence relative to the proven effectiveness of fire watchers or expert testimony to demonstrate that fire watchers roving the prison around the clock are an adequate substitute for modern technological devices.

Third: It argues the Industrial Board failed to produce testimony to show that fire watchers would not be an adequate substitute. This argument ignores the principle that the burden of proof is on the County to show compliance with the statutory and regulatory requirements of the Fire and Panic Act. *Department of Labor and Industry v. Birdsboro Corp.,* 18 Pa. Commonwealth Ct. 79, 333 A.2d 825 (1975).

Fourth: That it was reversible error to take official notice that fire prevention systems dependent upon human nature are substantially inadequate when compared to mechanical systems which are properly tested and maintained. The Industrial Board may take official notice of its own expertise developed in these matters. *Birdsboro, supra.* Assuming, without deciding that the Board erred, it was harmless error because the Board had no burden of proving the inadequacy of fire watchers.

Similarly, the testimony of a Department inspector who, without advance notice to the County, recounted

deficiencies found at the prison in addition to previously noticed deficiencies, was harmless because this evidence, entered without objection, was superfluous to the Industrial Board's determination.

Fifth: It proposes that due process was ignored when the Industrial Board rendered an immediate determination at the close of the hearing. County fails to recall that it specifically requested an immediate determination with findings of fact and conclusions of law to follow. Additionally, Commissioner Cohen called it a recommendation and not a decision.

Furthermore, nothing in the record suggests that County was denied the opportunity to submit briefs prior to adjudication as provided by the Administrative Agency Law, 2 Pa.C.S. §506.

Sixth: It contends that the Industrial Board failed to enumerate the reasonable minimal safety standards which it contended the County violated. The standards for compliance are enumerated in the Fire and Panic Act and in extensive regulations which speak for themselves. Thus, County had notice of these specific violations.

Seventh: It advances the position that the Industrial Board forgot that it had waived a sprinkler system requirement in its 1976 order. The record does not substantiate the allegation.

Eighth, and finally: The order requiring evacuation of the prison is a violation of the separation of powers doctrine. County urges on us the notion that the Industrial Board usurps constitutionally protected judicial power by eliminating judicial discretion to sentence a person to York County Prison. We perceive no interference with the Court's duty to sentence to a term in an *available confinement facility.*

Accordingly, we

### ORDER

AND Now, this 30th day of May, 1979, the order of the Industrial Board of the Department of Labor and Industry, Commonwealth of Pennsylvania, dated November 22, 1977, is affirmed.